IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IAN BRADLEY CORBIN** : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 5:24-cv-06145-JMG |
| : | |
| **ANDREW HOLVECK, et al.** : | |
| Defendants. : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                 June 11, 2025

### I.   INTRODUCTION

Plaintiff Ian Bradley Corbin, a convicted state prisoner incarcerated at SCI-Coal Township, filed a Complaint in the Lehigh County Court of Common Pleas alleging a plethora of claims against a plethora of defendants. He alleges a series of illegal actions stemming from his arrest in October of 2019. But this is not the first time that Plaintiff has alleged claims from this set of facts. Plaintiff has previously brought claims against several of the same defendants that the Court has dismissed with prejudice. As a result, he cannot repackage them and try again. The Court will dismiss several of Plaintiff's claims under the doctrine of res judicata, several more because the defendants are absolutely immune, more, again, because they are being pursued in one of Plaintiff's other suits, and the remainder for failure to state a claim.

### II.   FACTUAL AND PROCEDURAL HISTORY

Plaintiff is an incarcerated inmate at the SCI-Coal Township facility. *See* ECF No. 3, Ex. A at ¶ 4. He alleges that on October 8, 2019, he was subject to violations of his rights when he was searched and arrested. *See id.* at ¶¶ 11-12. He alleges that on the morning of October 8, 2019,

officers from the Allentown Police Department responded to a 911 call reporting a domestic disturbance involving a knife. *See id.* at ¶ 11. Plaintiff alleges he was seized and searched by Defendant French. *See id.* Plaintiff alleges that Defendant French illegally entered Plaintiff's pocket and removed a black glove. *See id.* When Defendant French opened this glove he found items which were suspected to be controlled substances. *See id.* He alleges that several individuals conspired to initiate an illegal criminal proceeding against him based on what he claims to be an illegal search. *See id.* at 16.

Plaintiff has named the following individuals and entities in this suit: (1) Kyle French, a police officer with the Allentown Police Department, (2) Andrew Holveck, a police officer with the Allentown Police Department, (3) the City of Allentown, (4) the Lehigh County District Attorney's Office, (5) District Attorney James Martin, (6) Assistant District Attorney Joseph Stauffer, (7) the Lehigh Count Public Defender's Office, (8) Carol Marciano, Plaintiff's public defender in the underlying criminal proceeding, (9) Lehigh Valley Bail Bonds, (10) Chris Gorman, an employee of Lehigh Valley Bail Bonds, (11) Lehigh County, (12) Judge Michael Pochron, a magisterial district judge in Lehigh County, (13) Judge Ronald Manescu, a magisterial district judge in Lehigh County, (14) Judge Maria Dantos of the Lehigh County Court of Common Pleas, (15) Judge Douglas Reichley of the Lehigh County Court of Common Pleas, (16) Judge Brian Johnson, the President Judge of the Lehigh County Court of Common Pleas, (17) the Supreme Court of Pennsylvania, (18) Kyle Russell, the warden of the Lehigh County Prison, (19) Thomas McGinley, the Superintendent of SCI-Coal Township, (20) Laurel Harry, the Secretary of Corrections for the Commonwealth of Pennsylvania, (21) the Pennsylvania Department of Corrections, (22) Joseph Hanna, the Lehigh County Sheriff, (23) and the Commonwealth of Pennsylvania.

Plaintiff lists several claims including: abuse of process, defamation, aiding and abetting, negligence, breach of fiduciary duty, fraud, trespass to chattel, conspiracy, false imprisonment, battery, fraudulent conversion, and assault. He further alleges violations of the Commonwealth's criminal law. *See id.* at ¶¶ 236-375.[1] For these claims he alleges millions of dollars in damages.

This is not Plaintiff's first suit concerning this underlying set of facts. There are two prior suits: (1) *Corbin v. French*, 22-3016 and (2) *Corbin v. French*, 23-5080. The instant Complaint was filed in the Lehigh County Court of Common Pleas in June of 2024, and was removed to this Court by the City of Allentown on November 15, 2025. *See* ECF Nos. 1, 3. Plaintiff filed a Motion to Remand on December 16, 2024, *see* ECF No. 11, which the Court denied on April 3, 2025. *See* ECF No. 18. On May 19, 2025, Plaintiff filed a Motion to Proceed *in forma pauperis*, *see* ECF No. 19, which was granted on June 6, 2025. *See* ECF No. 22.

### III.  STANDARD OF REVIEW

The Court has granted Plaintiff leave to proceed *in forma pauperis*. *See* ECF No. 22. The Court is required to dismiss Plaintiff's Complaint if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).[2] The Court applies the same standard as it applies in

---

[1] It is *extremely rare* for a penal statue to provide a private right of action that would give rise to civil liability. *See Brown v. City of Phila. Office of Human Resources*, 735 F. App'x 55, 56 (3d Cir. 2018) (dismissing complaint where plaintiff alleged violation of criminal statutes because most criminal statutes "do not provide a private cause of action"); *see also Nashville Milk Co v. Carnation Co.*, 355 U.S. 373, 377 (1958) (finding that when a statute "contains only penal sanctions . . . in the absence of a clear expression of congressional intent tot the contrary, these sanctions should . . . be considered exclusive").

[2] The Court is also required to screen the Complaint because Plaintiff is incarcerated. *See* 28 U.S.C. § 1915A(a) ("The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). Pursuant to this statute, the Court "shall identify cognizable claims or dismiss the compliant, or any portion of the complaint if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). This screening, too, utilizes the 12(b)(6) standard. *See Szubielski v. Pierce*, 152 F. Supp. 3d 227, 231 (D. Del. 2016) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

adjudicating a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Szubielski*, 152 F. Supp. 3d at 231 (citing *Tourscher*, 184 F.3d at 240). To survive this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

*Pro se* litigants' pleadings are construed liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 238, 244-45 (3d Cir. 2013)). Thus, the Court "remain[s] flexible" in reviewing a *pro se* plaintiff's complaint and "appl[ies] the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 244). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). *Pro se* litigants may not "flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245). A district court is not required to "act as an advocate to identify any possible claim that the facts alleged could potentially support." *Doe v. Allegheny Cnty. Housing Auth.*, No. 23-1105, 2024 WL 379959, at *2 (3d Cir. Feb. 1, 2024).

IV.   **ANALYSIS**

   a. **Many of Plaintiff's Claims are Dismissed Under the Doctrine of *Res Judicata***

Plaintiff has brought several claims that are barred by the doctrine of *res judicata*, or claim preclusion. There are claims against several defendants in this action that the Court has previously dismissed with prejudice in Plaintiff's prior, related proceedings. *See Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) ("Claim preclusion… protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." (internal quotation marks omitted)). This doctrine "prevents parties from raising issues that *could have been raised and decided in a prior action*—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) (emphasis added). "If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

For a claim to be precluded, three elements are required: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same causes of action." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010) (quoting *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999)). In examining these elements, the court should "focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit." *Id.*

"Suits involve the same claim (or 'cause of action') when they arise from the same transaction or involve a common nucleus of operative facts." *Lucky Brand Dungarees*, 590 U.S. at 412 (internal citations and quotation marks omitted). The Third Circuit instructs to "take a 'broad

view' of what constitutes the same cause of action." *Sheridan*, 609 F.3d at 261. "Rather than resting on the specific legal theory invoked, *res judicata* generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims…." *Id.* (emphasis included). To determine essential similarity, there are several factors to look at: "(1) whether the acts complained of and the demand for relief are the same; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same; and (4) whether the *material* facts alleged are the same." *Id.* (emphasis included) (cleaned up).

"The essence of the cause of action asserted against the defendants in the state proceeding is not altered by the addition of more parties." *Gregory v. Chehi*, 843 F.2d 111, 119 (3d Cir. 1988) (looking at the "single incident" at the center of the causes of action). Similarly, it is not affected by the addition of a new theory of recovery. *Beasley,* 14 F.4th at 231-32 ("The prior judgment's preclusive effect then extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit. Claim preclusion similarly reached theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." (internal citation omitted)). So, the mere fact that Plaintiff asserts his claims in this action as "common law torts" rather than strictly under Section 1983, does not save his claims here.

Moreover, "[a] dismissal under the *in forma pauperis* statute also qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (citing *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002)).

6

Plaintiff's claims here are predicated on the same facts and allegations as his previous suits. In those cases, the Court largely dismissed Plaintiff's claims with prejudice. First, in *Corbin v. French*, Civ. A. No. 22-CV-3016, 2022 WL 17251756 (E.D. Pa. Nov. 28, 2022), the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed most of Plaintiff's claims *with prejudice*. There, the Court dismissed Plaintiff's claims against the Commonwealth of Pennsylvania, Lehigh County, and Defendants Dantos, Reichley, and Martin with prejudice. It dismissed all claims against Defendant Stauffer with prejudice except for Plaintiff's malicious prosecution claim. The underlying incident at the center of that suit was the same as the one at the center of this one: Plaintiff's 2019 arrest. Plaintiff's claims against Defendants Dantos, Reichley, Martin, Lehigh County, and the Commonwealth of Pennsylvania are dismissed, once again, with prejudice.

Then, in *Corbin v. French*, Civ. A. No. 23-CV-5080, 2024 WL 1386079, the Court screened and dismissed more claims against Defendants that arose from the same underlying 2019 arrest as this suit.[3] In that matter, the Court dismissed claims against the Lehigh County District Attorney's Office, the Lehigh County Public Defender's Office, Defendant Marciano, Defendant Gorman, Lehigh Valley Bail Bonds, and Defendant McGinley with prejudice. The claims against these Defendants in this matter are precluded and are dismissed with prejudice from this suit.

In sum, the Court dismisses Defendant Dantos, Defendant Reichley, Defendant Martin, Defendant Stauffer[4], Lehigh County, the Commonwealth of Pennsylvania the Lehigh County

---

[3] In this case, the Court similarly dismissed claims against Defendants Lehigh County, Dantos, Reichley, Stauffer, Martin, and the Commonwealth of Pennsylvania on *res judicata* grounds. *See Corbin*, 2024 WL 1386079, at *8.

[4] Because there is no claim of malicious prosecution here against Defendant Stauffer, dismissal with prejudice is proper. *See Corbin v. French*, Civ. A. No. 22-CV-3016, 2022 WL 17251756, at

7

District Attorney's Office, the Lehigh County Public Defender's Office, Defendant Marciano, Defendant Gorman, Lehigh Valley Bail Bonds, and Defendant McGinley from this action, with prejudice, because Plaintiff's claims are barred under the doctrine of *res judicata.*

### b. Judicial Immunity Bars the Claims Against Defendants Pochron and Manescu

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); *see also Trinh v. Fineman*, 9 F.4th 235, 238 (3d Cir. 2021) ("[I]mmunity extends to *all judicial decisions*, unless they were taken in the clear absence of all jurisdiction." (emphasis added) (internal quotation marks omitted)).

Plaintiff's claims against Defendants Pochron and Manescu arise from their role as Magisterial District Judges in the Commonwealth of the Pennsylvania. This is a judicial role, and thus they are immune from Plaintiff's claims. *See*, *e.g.*, *Sirmons v. Pennsylvania*, Civ. A. No. 14-1273, 2014 WL 1302026, at *1-2 (E.D. Pa. Mar. 28, 2014) (finding magisterial district judge was "entitled to absolute judicial immunity"). Accordingly, these claims are dismissed with prejudice.

### c. The Claims Against Defendants French, Holveck, and the City of Allentown are Dismissed Because of the Prohibition Against Claim Splitting

Federal courts recognize a prohibition against splitting of claims relating to the same transaction or occurrence. *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (recognizing

---

*8-9 (dismissing all claims against Defendant Stauffer with prejudice except for malicious prosecution claim).

8

that a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." (citing *United States v. Haytian Republic*, 154 U.S. 118, 123-24 (1894))). "Just as res judicata applies to a second action filed after a final adjudication of the first action, the rule against claim splitting applies when, like here, two suits are pending at the same time." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, Civ. No. 09-309, 2009 WL 2016436, at *3 (D. Del. July 9, 2009) (citation omitted). "The rule against claim splitting requires that all claims arising out of a single wrong be presented in one action." *Dorsey v. Jacobson Holman PLLC*, 764 F. Supp. 2d 209, 212 (D.D.C. 2011) (citation omitted).

The claims against Defendants French, Holveck, and the City of Allentown were raised in Plaintiff's other action. *See Corbin v. French*, 22-3016. That matter was stayed on November 28, 2022, pending the completion of his related appellate proceedings. *See id.* at ECF No. 9. This suit concerns the same set of facts as the stayed matter, so the claims against Defendants French, Holveck, and the City of Allentown cannot be maintained here.

### d. The Remainder of Plaintiff's Claims are Dismissed Without Prejudice for Failure to State a Claim

Plaintiff fails to state a cognizable claim against the remainder of the Defendants, and the Court will dismiss the remainder of Plaintiff's claims without prejudice. Plaintiff has failed to state claims against Defendants Johnson, Russell, Harry, Hanna, the Pennsylvania Department of Corrections, and the Supreme Court of Pennsylvania upon which relief may be granted. Even assuming these Defendants were not immune from suit, which the Court declines to decide for the purposes of this opinion, Plaintiff's complaint does not plead facts that show particularized acts by these Defendants upon which Plaintiff's claims may be based. Accordingly, the claims against Defendants Johnson, Russell, Harry, Hanna, the Pennsylvania Department of Corrections, and the

Supreme Court of Pennsylvania are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

V.  **CONCLUSION**

Upon screening Plaintiff's Complaint, the Court will dismiss his claims against Defendants Martin, Marciano, Gorman, Pochron, Manescu, Dantos, Reichley, Stauffer, and McGinley *with prejudice*. The following Defendants will also be dismissed *with prejudice*: the Lehigh County District Attorney's Office, the Lehigh County Public Defender's Office, Lehigh Valley Bail Bonds, Lehigh County, and the Commonwealth of Pennsylvania. The Court dismisses the remainder of his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Corbin will not be granted leave to amend in this case but may pursue the claims not dismissed with prejudice in this case in *Corbin v. French*, No. 22-3016 (E.D. Pa.). An appropriate order follows.

BY THE COURT:

_____
JOHN M. GALLAGHER
United States District Court Judge